IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ZACHARY THOMAS SPADA,       )
       Petitioner,       )    Civil Action No. 15-202 Erie
              )
     v.       )
              )    Magistrate Judge Susan Paradise Baxter
KEN CAMERON,       )
et. al.,       )
       Respondents.       )

## **OPINION**[1]

Presently before the Court is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Zachary Thomas Spada (the "Petitioner"). For the reasons set forth below, the petition is denied and a certificate of appealability is denied on all claims.

**I.**

**A.**   **Relevant Background**[2]

On August 24, 2011, the Petitioner appeared before the Court of Common Pleas of Erie County to plead guilty to charges filed against him in three criminal cases. Kevin M. Kallenbach, Esquire, was his attorney. At criminal docket 3079 of 2010, he pleaded guilty to an amended charge of harassment (he had originally been charged with indecent assault). The factual basis for his plea at this docket number was his attempt to grab the "vaginal area" of a 16-year-old girl on September 23, 2010. (Plea

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2]    The Respondents filed the relevant state court records at ECF No. 11 and ECF No. 12.

1

Hr'g Tr. at 9-10). At criminal docket 3150 of 2010, he pleaded guilty to one count of terroristic threats and one count of loitering and prowling around a dwelling for pulling a knife on another victim and saying to her "[g]et away from me, bitch, or I'm going to shank you[,]" on October 18, 2010. (Id. at 10-11). At criminal docket 1385 of 2011, he pleaded guilty to harassment for making repeated threats to two other victims (a mother and daughter) on March 25, 2011. (Id. at 11).

The Petitioner's sentencing hearing was held on October 13, 2011. He did not appear at the scheduled time. The court asked Attorney Kallenbach about the Petitioner's whereabouts. The Petitioner had not contacted Kallenbach to inform him that he would not attend or would be late, and Kallenbach told the court that the Petitioner had assured his father he would be in attendance. He thought that perhaps the Petitioner was "frightened that he was unsuccessfully discharged [from his Gaudenzia in-patient stay] and that that would be a factor in his sentencing." (Sentencing Hr'g Tr. at 2). The court replied that the Petitioner "did receive notice at the time of his plea, and there is no justifiable reason why he is not here, so we will proceed to sentence him *in absentia*, and I will issue a bench warrant for his apprehension." (Id.)

Kallenbach and the prosecutor each made a statement regarding the sentences the court should impose. (Id. at 3-4). Before imposing the sentences, the court explained:

> The Court has considered a number of things here, the Pennsylvania Sentencing Code and all its factors, the guidelines, and the pre-sentence investigative report which I'm going to make a part of the record, and I've considered that in its entirety.
>
> Obviously the cases are serious. The one victim impact statement indicates just how much the one victim was terrorized by [the Petitioner's] activities. [The Petitioner] has serious problems. Not only are there mental health issues, there's anger management problems, and the Court is extremely concerned that what we have here is a crime spree where he either harassed or terrorized individuals, and so he is a clear and present danger to the community right now until these issues can be brought under control. The Court is

2

> also concerned because he's not here today, and that as well as the crime spree aspect of this case leads this Court to believe that these are clearly aggravating factors.

(Id. at 5). The court then imposed the following sentences: 3-12 months for harassment at 1385 of 2011; 3-12 months, consecutively, for harassment at 3079 of 2010; 6-12 months for loitering and prowling at night, consecutive to the second harassment sentence; and 10-48 months for terroristic threats, consecutive to the loitering/prowling sentence. It appears that three of the terms imposed were within the aggravated sentence range.

After the hearing concluded and Kallenbach and the prosecutor had left the courtroom, the Petitioner arrived with his father. The court informed the Petitioner that he had been sentenced and he should speak to his attorney about what happened. (Id. at 9-10).

The Petitioner filed a motion to reconsider his sentence, which the court denied. Thereafter, he filed an appeal with the Superior Court of Pennsylvania, which that court quashed because Kallenbach did not file a brief. However, the Petitioner's direct appeal rights were subsequently reinstated *nunc pro tunc* and William J. Hathaway, Esquire, was appointed to represent him.

The Petitioner, through Attorney Hathaway, filed another motion to reconsider the sentence in which he contended that the trial court made errors in sentencing him. He did not challenge the trial court's decision to sentence him *in absentia*. The court denied that motion in an order dated August 1, 2012.

Next, the Petitioner, through Attorney Hathaway, filed a direct appeal to the Superior Court in which he raised issues not relevant to this habeas proceeding. On April 5, 2013, the Superior Court issued a Memorandum Opinion in which it affirmed the Petitioner's judgment of sentence. (Commonwealth v. Spada, No. 1321, 1322 and 1323 WDA 2012 (Pa.Super.Ct. Apr. 5, 2013)).

3

After his direct appeal concluded, the Petitioner filed a *pro se* petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. The PCRA court once again appointed Attorney Hathaway to be the Petitioner's attorney and he filed a counseled supplement to the PCRA petition. The Petitioner contended that his trial attorney, Kallenbach, provided him with ineffective assistance on two grounds that are not relevant to this habeas proceeding. The Petitioner also argued that he was denied his "absolute right" of allocution when the court sentenced him *in absentia*. (2/7/14 Supplement to PCRA Motion at 6).

On March 3, 2014, the PCRA court presided over an evidentiary hearing at which the Petitioner and Kallenbach testified. The PCRA court denied relief in an opinion and order dated March 18, 2014. (Commonwealth v. Spada, Nos. 3079 & 3150 of 2010; 1385 of 2011, slip op. (C.P. Erie Mar.18, 2014)). With respect to the claim that the court erred in sentencing the Petitioner *in absentia*, the court held:

> It is uncontested that the petitioner's sentencing was conducted on October 13, 2011. Although petitioner asserts that he was only approximately five minutes late, neither the Court nor counsel [was] aware of his arrival until the sentencing hearing was concluded. As the record shows, the petitioner's sentencing proceeding began at 8:45 a.m. and was concluded at 8:55 a.m. See N.T. Sentencing, October 13, 2011. By this time, petitioner's counsel and the Commonwealth's attorney had left the courtroom. In fact, the only people remaining in the courtroom were court staff and the court reporter. This Court reopened the record at 9:02 a.m. when it was advised that the petitioner was present. At that time it noted that it would not reconvene the proceeding. N.T. Sentencing, October 13, 2011, at 9-10. Even if this Court could have tracked down counsel, it would have disrupted their schedules, as well as the Court's. Furthermore, the petitioner made no attempt to contact his attorney, court administration or this Court prior to the sentencing to advise them that he would be late. As such, the petitioner has failed to show that he is entitled to relief.

(Id. at 8).

On December 18, 2014, the Superior Court issued a Memorandum Opinion in which it affirmed the PCRA court's decision. (Commonwealth v. Spada, Nos. 592, 593 and 594 WDA 2014, slip op.

4

(Pa.Super.Ct. Dec. 18, 2014)). It denied both of the Petitioner's ineffective assistance of trial counsel claims on the merits. With respect to the Petitioner's claim that the court erred in sentencing him *in absentia*, the Superior Court observed that the right to allocution was "perhaps the only right of substance that [the Petitioner] lost in this instance[.]" (Id. at 8 n.4). However, because the claim was one that should have been raised on direct appeal, the Superior Court held that it was waived. (Id. at 8, citing 42 Pa.C.S. § 9543(a)(3) (a petitioner is not entitled to PCRA relief if allegation of error was waived) and Commonwealth v. Jacobs, 900 A.2d 368 (Pa.Super.Ct. 2006) (en banc) (the denial of the right of allocution does not create a non-waivable challenge to the legality of a sentence)).[3]

On March 2, 2015, the Petitioner filed another *pro se* PCRA petition. He contended, *inter alia*, that Attorney Hathaway was ineffective for failing to argue in his direct appeal that the court erred in sentencing him *in absentia*, thereby "strip[ing]" him "of the right to make allocution." (3/2/15 PCRA petition at 2). On April 16, 2015, the PCRA court denied this petition as untimely under the one-year statute of limitations set forth at 42 Pa.C.S. § 9545(b)(1). The Petitioner filed a *pro se* appeal, which the Superior Court dismissed on September 18, 2015, for failure to file a brief. (9/18/15 Pa.Super.Ct. Order).

Thereafter, the Petitioner filed with this Court his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Under this statute, he is entitled to a writ of habeas corpus if he demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable. See, e.g., Priester v. Vaughn, 382

---

[3] For the purposes of the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

F.3d 394, 402 (3d Cir. 2004) ("Federal courts reviewing habeas claims cannot 'reexamine state court determinations on state-law questions.'") (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).

The Petitioner raises two claims for relief. In Claim One, he contends that his due process rights were violated when he was sentenced *in absentia* and denied his right to allocation. In Claim Two, he contends that Attorney Hathaway provided him with ineffective assistance for waiving Claim One by not raising it in post-trial motions and on direct appeal. The Respondents filed an answer (ECF No. 12) and the relevant state court records. The Petitioner did not file a reply. LCvR2254(E)(2) ("the petitioner may file a Reply … within 30 days of the date the respondent files its Answer.").

**B.    Legal Analysis**

    **1.    Claim One**

The right of allocution is not a right guaranteed by the Constitution. See, e.g., United States v. Moreno, 809 F.3d 766, 777 (3d Cir. 2016). Rather, it is Rule 704(C)(1) of the Pennsylvania Rules of Criminal Procedure that gives a criminal defendant the right of allocation. That rules provides that *"[a]t the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf* and shall afford counsel for both parties the opportunity to present information and argument relative to sentencing." Pa.R.Crim.Pro. 704(C)(1) (emphasis added). Therefore, to the extent that the Petitioner challenges the denial of his right to allocation, he is not raising a claim that is cognizable in a federal habeas action. Scrivner v. Tansy, 68 F.3d 1234 (10th Cir. 1995) (finding allocation raises no constitutional error cognizable in non-capital federal habeas cases).

To the extent that the petitioner is claiming that his due process rights were violated because he was sentenced *in absentia*, that claim is cognizable in a federal habeas action, but it is procedurally

6

defaulted because the Superior Court determined that the Petitioner waived it for failing to raise it in his direct appeal. See, e.g., Coleman v. Thompson, 501 U.S. 722, 730 (1991); Edwards v. Carpenter, 529 U.S. 446, 451 (2000); O'Sullivan v. Boerckel, 526 U.S. 838, 851-56 (1999) (Stevens, J. dissenting) (describing the history of the procedural default doctrine); Wainwright v. Sykes, 433 U.S. 72 (1977). A petitioner who has defaulted a federal habeas claim can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.*, that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "*actual prejudice*." See, e.g., Coleman, 501 U.S. at 750 (emphasis added). See also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986).[4]

The "cause" that the Petitioner relies upon is Attorney Hathaway's failure to raise Claim One on direct appeal. A petitioner can establish "cause" if he demonstrates that a default is the result of the ineffectiveness of direct appeal counsel. However, if this Court were to determine that the Petitioner established "cause" for the default, it would still have to consider whether he suffered "actual prejudice." "Most courts of appeals have concluded that if the petitioner can meet the prejudice standard needed to establish ineffective assistance of counsel under Strickland [v. Washington, 466 U.S. 668 (1984)], then

---

[4] A petitioner may also overcome a procedural default of a claim if he can demonstrate a "miscarriage of justice." This means that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). Where the petitioner pleaded guilty (as in the instant case), he also must establish his actual innocence not only of the count to which he pleaded guilty, but also the other charges the government excused in the plea bargaining process. Bousley v. United States, 523 U.S. 614, 623-24 (1998). The "miscarriage of justice" exception only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Schulp, 513 U.S. at 316. There is no question that this is not the type of extraordinary case in which a petitioner can overcome the default of his claims by way of the miscarriage of justice exception.

the prejudice standard under the 'cause and prejudice' showing to excuse a procedural default is also met." Brian R. Means, FEDERAL HABEAS MANUAL § 9B:74, WestlawNext (database updated May 2016) (citations omitted). "But at a minimum, without Strickland prejudice, there necessarily cannot be prejudice to overcome the procedural bar." Id. (citations omitted).

This Court must consider in its analysis of Claim Two whether the Petitioner has established that he was prejudiced by Attorney Hathaway's alleged ineffective assistance in waiving Claim One. Therefore, this Court will now turn to the merits of Claim Two. For the reasons set forth below, the Petitioner has not established that he was prejudiced. As a result, he has not overcome his default of Claim One.

2. **Claim Two**[5]

Pursuant to Strickland v. Washington, 466 U.S. 668 (1984),[6] the law presumes that Attorney Hathaway was effective and the Petitioner must show that his representation fell below an objective standard of reasonableness. 466 U.S. at 688-89. Strickland also requires that the Petitioner demonstrate

---

[5] The Petitioner raised Claim Two in the *pro se* PCRA petition he filed on March 2, 2015. After the PCRA court denied it, the Petitioner's abandoned his subsequent appeal to the Superior Court. As a result, he did not give the Superior Court an opportunity to review the PCRA court's decision, and for that reason he may have procedurally defaulted Claim Two as well. Nevertheless, because Claim Two can be more efficiently disposed of on the merits, the Court will not address the more complex issue of whether it is procedurally defaulted.

[6] Strickland recognized that the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defence" entails that defendants are entitled to be represented by an attorney who meets at least a minimal standard of competence. 466 U.S. at 685-87. "[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance[.]" Burt v. Titlow, — U.S. —, 134 S.Ct. 10, 17 (2013) (quoting Strickland, 466 U.S. at 690, 687). Since the Fourteenth Amendment guarantees a criminal defendant pursuing a first appeal as of right certain "minimum safeguards necessary to make that appeal 'adequate and effective,'" Evitts v. Lucey, 469 U.S. 387, 392 (1985) (quoting Griffin v. Illinois, 351 U.S. 12, 20 (1956)), including the right to the effective assistance of counsel, id. at 396, the ineffective assistance of counsel standard of Strickland applies to a claim that direct appeal counsel was ineffective. See Smith v. Robbins, 528 U.S. 259, 285 (2000); United States v. Cross, 308 F.3d 308, 315 (3d Cir. 2002).

that he was prejudiced by Attorney Hathaway's alleged deficient performance. This requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[7] Id. at 694. As the United States Court of Appeals for the Third Circuit has explained:

> [The Petitioner] "need not show that counsel's deficient performance 'more likely than not altered the outcome of the case' – rather, he must show only 'a probability sufficient to undermine confidence in the outcome.'" Jacobs v. Horn, 395 F.3d 92, 105 (3d Cir. 2005) (quoting Strickland, 466 U.S. at 693-94). On the other hand, it is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Harrington [v. Richter], 131 S.Ct. [770,] 787 [(2011)] (citing Strickland, 466 U.S. at 693). Counsel's errors must be "so serious as to deprive the defendant of a fair trial." Id. at 787-88 (citing Strickland, 466 U.S. at 687). The likelihood of a different result must be substantial, not just conceivable. Id.

Brown v. Wenerowicz, 663 F.3d 619, 630 (3d Cir. 2011).

The Petitioner has not met his burden of establishing that he was prejudiced by Attorney Hathaway's alleged deficient performance. First, he has not demonstrated that there is a reasonable probability that, if Attorney Hathaway had raised Claim One in post-sentence motions and then on direct appeal, he would have prevailed on that claim. The Petitioner did not have the opportunity to make a statement to the sentencing court because he missed his hearing. The Sixth Amendment and state law provides a criminal defendant with the right to be present at his sentencing hearing, but a defendant can forfeit that right of he is voluntarily absent. See Wayne R. LaFave 6 Criminal Procedure § 24.2(d) (4th ed.), WestlawNext (database updated Dec. 2016) (citing cases for the proposition that

---

[7] The Supreme Court in Strickland also noted that although it had discussed the performance component of an effectiveness claim prior to the prejudice component, there is no reason for an analysis of an ineffectiveness claim to proceed in that order. 466 U.S. at 697. Consequently, if it is more efficient to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, this course should be followed. Id.

"[n]onattendance because of…unforeseen emergency will be considered involuntary, but foreseeable problems will not."); Pa.R.Crim.Pro. 602(A) ("[t]he defendant's absence without cause at the time scheduled for the start of trial or during trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence."). Thus, in order to prevail on a claim that the court erred in sentencing him *in absentia*, the Petitioner would have had to convince the state court that his absence was involuntary and there was sufficient cause to justify it.[8] The Petitioner acknowledged at the PCRA hearing that he knew the time his sentencing hearing was scheduled to commence. (PCRA Hr'g Tr. at 14). He stated that he missed it because his "car wouldn't start[,]" (id.; see also id. at 20), but admitted that he did not call the court, the court administrator, counsel, or anyone else to provide notice of his circumstances. (Id. at 20). By the time he arrived, the court had already sentenced him and his attorney and the prosecutor had left. (Id.; see also Sentencing Hr'g Tr. at 9). Under these circumstances, the Petitioner has not demonstrated that there is a reasonable probability that he would have received another sentencing hearing had Attorney Hathaway not waived Claim One.

Second, and alternatively, the Petitioner has not demonstrated that there is a reasonable probability that, had Attorney Hathaway obtained another sentencing hearing for him, the outcome of that proceeding would have been different from the first. The record shows that the court imposed aggravated sentences for reasons in addition to the fact that the Petitioner failed to appear at his hearing.

---

[8] As set forth above, although the Superior Court denied Claim One because it was waived, the PCRA court considered it on the merits and was not persuaded by it. (Spada, Nos. 3079 & 3150 of 2010; 1385 of 2011, slip op. at 8). The PCRA court's decision cuts against the Petitioner's contention that the Superior Court would have vacated his sentence if Attorney Hathaway had not waived Claim One.

10

(Sentencing Hr'g Tr. at 5; Spada, No. 1321, 1322 and 1323 WDA 2012, slip op. at 6). If a second hearing had been held, those additional circumstances would still have been present.

**C.**     **Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. As codified at 28 U.S.C. § 2253, it provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Applying those standards here, jurists of reason would not find it debatable whether each of the Petitioner's claims should be denied. Accordingly, a certificate of appealability is denied.

**II.**

For the reasons set forth above, the petition for a writ of habeas corpus is denied and a certificate of appealability is denied on all claims. An appropriate Order follows.

Dated: February 23, 2017

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZACHARY THOMAS SPADA, | ) | |
|     Petitioner, | ) | Civil Action No. 15-202 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| KEN CAMERON, | ) | |
| et. al., | ) | |
|     Respondents. | ) | |

## **ORDER**

AND NOW, this 23rd day of February, 2017, IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DENIED and a certificate of appealability is DENIED as to all claims. The Clerk of Court shall mark this case CLOSED.

                                      /s/ Susan Paradise Baxter
                                      SUSAN PARADISE BAXTER
                                      United States Magistrate Judge

cc:    Notice by ECF to counsel of record and by U.S. mail the Petitioner at his address of record